IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION | **PLAINTIFF** |
| v. | CIVIL NO.: 1:16cv299-HSO-JCG |
| UNITED STATES SMALL BUSINESS ADMINISTRATION | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S MOTION [38] FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT U.S. SMALL BUSINESS ADMINISTRATION'S MOTION [40] TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

BEFORE THE COURT are the Motion [38] for Summary Judgment filed by Plaintiff U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-through Certificates 2006-EQ1 ("Plaintiff" or "U.S. Bank") and the Motion [40] to Dismiss or, in the Alternative, for Summary Judgment filed by Defendant United States Small Business Administration ("Defendant" or "SBA"). Both Motions are fully briefed. Having considered the submissions of the parties and relevant legal authority, the Court is of the opinion that Defendant's Motion [40] to Dismiss should be granted and Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction. Plaintiff's Motion [38] for Summary Judgment should be denied as moot.

1

I. BACKGROUND

A.  Factual Background

This dispute centers on the proceeds of a foreclosure sale conducted by Defendant SBA. On May 3, 2006, Lee Vern Williams and Renee E. Williams ("the Williamses") purchased a residence located in D'Iberville, Mississippi ("the Subject Property"). Am. Compl. [13] at 2. The Williamses borrowed $64,950.00 from EquiFirst Corporation ("EquiFirst"), Plaintiff U.S. Bank's predecessor-in-interest, to finance the purchase.[1] Mem. Supp. U.S. Bank Mot. [39] at 1. According to Plaintiff, the EquiFirst loan proceeds were applied to pay off an existing first mortgage lien in favor of Regions Mortgage in the amount of $77,886.84. *Id.* at 2-3; Ex. "D" Settlement Statement [13-4]. According to Plaintiff, "[b]y paying off the existing mortgage in favor of Regions Mortgage, EquiFirst Corporation fully intended to have a first priority lien against the Subject Property." Am. Compl. [13] at 4.

The Williamses executed a Deed of Trust ("the U.S. Bank Deed of Trust") in favor of Mortgage Electronic Registration System ("MERS"), as nominee for EquiFirst, that was recorded in the Office of the Chancery Clerk of Harrison

---

[1] The Amended Complaint [13] alleges that "[i]n total, Lee Williams and Renee Williams borrowed $135,708.44 from EquiFirst Corporation. Of the borrowed funds, loan proceeds in the amount of $77,886.84 were used to pay off a first mortgage lien in favor of Regions Mortgage." Am. Compl. [13] at 3. However, elsewhere Plaintiff states that the Williamses actually borrowed only $64,950.00 from EquiFirst. *See* Mem. Supp. U.S. Bank Mot. [39] at 3; Pl.'s Resp. [45] at 1; Pl.'s Reply [48] at 3. The loan documents and settlement statement submitted by Plaintiff indicate that the amount of the EquiFirst loan was $64,950.00. *See* Ex. "B" EquiFirst Note [13-2]; Ex. "C" U.S. Bank Deed of Trust [13-3]; Ex. "D" Settlement Statement [13-4]; Davis Decl. [38-18] at 2.

2

County, Mississippi, Second Judicial District, at 1:43 p.m. on May 23, 2006, as Instrument 2006 3778T-J2. *Id.*; Ex. "C" U.S. Bank Deed of Trust [13-3] at 1. On May 9, 2014, MERS assigned all of its rights under the U.S. Bank Deed of Trust to U.S. Bank, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-EQ 1. Am. Compl. [13] at 5; Ex. "H" Corporate Assignment of Deed of Trust [13-8].

In addition to the EquiFirst mortgage, the Williamses secured a separate loan from Defendant SBA in the amount of $51,600.00 in order to finance the purchase of the Subject Property. Am. Compl. [13] at 3. Defendant had initially agreed to provide the Williamses with $58,000.00 in the form of a SBA disaster loan for the purpose of repairing or replacing their previous residence and its contents located at 364 Crawford Street in Biloxi, Mississippi, which was damaged during Hurricane Katrina in August 2005. Mem. Supp. SBA Mot. [41] at 2-3. However, the Williamses requested that Defendant allow them to use the disaster loan proceeds to purchase the Subject Property instead of repairing their damaged Biloxi residence. *Id.* at 3.

The SBA approved the Williamses' request in April 2006, amending the prior loan agreement and reducing the loan amount to $51,600.00. *Id.* Defendant calculated the reduced loan amount as the difference between the purchase price of the Subject Property, $129,900.00, and the $78,300.00 available to the Williamses, which the SBA determined to be the sum of $69,300.00 in insurance proceeds and FEMA funds, plus $9,000.00 in personal funds. *Id.* According to Defendant, the

Williamses did not disclose to the SBA that they intended to obtain other financing for the purchase of the Subject Property, and Defendant had no knowledge of either the EquiFirst loan or the preexisting Regions Mortgage lien in place at the time of the sale. *Id.*; Sarra Decl. [49-1] at 2-3.

The Williamses executed a Deed of Trust ("the SBA Deed of Trust") on May 3, 2006, granting SBA a lien and security interest in the Subject Property. This Deed of Trust was recorded in the Office of the Chancery Clerk of Harrison County, Mississippi, Second Judicial District, on May 23, 2006, as Instrument 2006 3774T-J2 at 1:35 p.m., or eight minutes before the U.S. Bank Deed of Trust was recorded. Am. Compl. [13] at 4; Ex. "E" SBA Deed of Trust [13-5] at 1. As a result of the order in which the Deeds of Trust were recorded, Defendant SBA obtained a first priority lien position ahead of EquiFirst, Plaintiff U.S. Bank's predecessor-in-interest. Am. Compl. [13] at 4; *see also* MISS. CODE ANN. § 89-5-5 (in Mississippi, the priority positions of deeds of trusts are "governed by the priority in time of the filing of the several instruments").

By early 2014, the SBA loan was in default.[2] Mem. Supp. SBA Mot. [41] at 6. After being unable to negotiate a workout plan, Defendant initiated foreclosure proceedings in November 2014. *Id.* In December 2014, Defendant appointed Underwood Law Firm PLLC ("Underwood") as substitute trustee on the SBA Deed

---

[2] Renee and Lee Williams passed away, in 2008 and 2012, respectively, prior to the default on the repayment of the SBA loan. Am. Compl. [13] at 4; Ex. "F" Photograph of Tombstone [13-6]; Ex. "G" Copy of Obituary [13-7]. Plaintiff alleges that the Williamses also defaulted on their obligations under the EquiFirst loan, but does not specify when the default occurred. *See* Am. Compl. [13] at 5.

4

of Trust. *Id.* at 7. On January 31, 2015, Underwood published a Notice of Sale of the Subject Property and notified U.S. Bank, as junior lienholder, by letter of the scheduled foreclosure sale. *Id.*; Wright Decl. [40-2] at 2-3, 19. The foreclosure sale took place as scheduled on March 3, 2015. Mem. Supp. SBA Mot. [41] at 7. Underwood accepted the highest bid of $49,042.00, which was sufficient to satisfy the SBA loan in full and resulted in excess proceeds of $1,486.93. *Id.* at 8.

B.  Procedural History

Plaintiff initiated this litigation by filing a Complaint [1-1] on July 11, 2016, in the Chancery Court of Harrison County, Mississippi, alleging that "[b]ecause the aforesaid Deeds of Trust were recorded out of order, the SBA erroneously obtained a first priority lien against the Subject Property," and that SBA was unjustly enriched by receipt of the sale proceeds from the foreclosure. Compl. [1-1] at 8. Defendant removed the case to this Court on August 12, 2016, pursuant to 42 U.S.C. § 1442(a)(1). Not. of Removal [1] at 2.

Plaintiff subsequently filed an Amended Complaint [13] on December 2, 2016, which asserts claims for unjust enrichment, declaratory judgment, equitable subrogation, negligence, and equitable estoppel. Am. Compl. [13] at 6-11. Plaintiff seeks a monetary award in the amount of the $49,042.00 Defendant received from the foreclosure sale and a declaratory judgment that the U.S. Bank Deed of Trust enjoys a first lien position under the doctrine of equitable subrogation. *See id.* at 7.

In its Motion [38] for Summary Judgment, Plaintiff urges the Court to apply the doctrine of equitable subrogation, under which Plaintiff's later-filed lien might

5

be substituted into the primary lienholder position ahead of Defendant's lien. Mem. Supp. U.S. Bank Mot. [39] at 7. Plaintiff maintains that "[p]rior to the loan closing, EquiFirst instructed its closing agent that it required a good, valid, recorded, first deed of trust to secure the loan" and that the SBA Deed of Trust was erroneously recorded before the U.S. Bank Deed of Trust. *Id.* at 2. Plaintiff seeks a judgment as a matter of law that it is entitled to the foreclosure sale proceeds in the amount of $49,042.00. *Id.* at 9.

Defendant's Motion [40] to Dismiss or, in the Alternative, for Summary Judgment, raises sovereign immunity as a defense to all claims asserted against it. Mot. [40] at 1-2. Plaintiff apparently does not contest Defendant's argument that the Court lacks subject-matter jurisdiction over its negligence claim on grounds that Plaintiff did not present a written claim for damages to Defendant as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. *See* Pl.'s Resp. to Req. for Adm. [40-4] at 2.

Defendant argues that the remaining claims for unjust enrichment, equitable subrogation, equitable estoppel, and declaratory judgment are subject to dismissal because they do not fall within any waiver of sovereign immunity, depriving this Court of subject-matter jurisdiction. Mem. Supp. SBA Mot. [41] at 2. Alternatively, Defendant seeks summary judgment as to Plaintiff's remaining claims on the theory that there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. *Id.*

6

## II. DISCUSSION

A. <u>Legal Standard</u>

Defendant's argument that Plaintiff's claims should be dismissed on sovereign immunity grounds is a challenge to the Court's subject-matter jurisdiction that is evaluated under Federal Rule of Civil Procedure 12(b)(1). *Willoughby v. United States,* 730 F.3d 476, 479 (5th Cir. 2013). The parties' positions that there are no genuine issues of material fact to be tried and that each is entitled to judgment as a matter of law are analyzed under Federal Rule of Civil Procedure 56. *See* FED. R. CIV. P. 56. Because the Court decides the jurisdictional challenge on sovereign immunity grounds, it need not reach the merits of the parties' summary judgment arguments. *Willoughby*, 730 F.3d at 479.

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject[-]matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). When the Court's subject-matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The Court has the power to dismiss a complaint for lack of subject-matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

7

B. <u>Analysis</u>

1. <u>Plaintiff's negligence claim will be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies.</u>

The United States is immune from suit unless it has waived its sovereign immunity and consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Congress has enacted a limited waiver of immunity in the FTCA, which provides the exclusive civil remedy for actions to recover money damages for personal injury, death, or loss of property caused by negligent acts or omissions of government employees acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1).

The FTCA subjects the United States to tort liability if a private person would be liable for the same act in accordance with the law of the place where the act occurred. 28 U.S.C. § 1346(b). The "law of the place," as the phrase is used in § 1346(b), "refers exclusively to state law." *Brown v. United States*, 653 F.2d 196, 201 (5th Cir. 1981); *see also Robin v. United States*, No. CIV. A. 04-2230, 2006 WL 2038169, at *1 (E.D. La. July 17, 2006), *aff'd*, 233 F. App'x 350 (5th Cir. 2007) ("It is a well-settled general principle that the tort liability of the United States is, in actions under the [FTCA], governed by the law of the state where the tortious conduct took place.").

The FTCA's waiver of sovereign immunity is strictly construed in favor of the sovereign, and is subject to a number of exceptions enumerated in 28 U.S.C. § 2680. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031-32 (5th Cir. 2011). If a listed exception to the waiver of sovereign immunity applies to a claim, a federal

agency may not be sued on that claim. *See, e.g., Kosak v. United States*, 465 U.S. 848, 849 (1984); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Louisiana Plaintiffs)*, 713 F.3d 807, 810 (5th Cir. 2013); *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000). Moreover, 28 U.S.C. § 2675(a) contains a procedural requirement that a plaintiff must have first presented his claim for damages to the appropriate federal agency before filing a lawsuit. This procedural requirement is a jurisdictional prerequisite to suit under the FTCA. *See, e.g., Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998); *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992).

Plaintiff does not contest that it did not present Defendant with a written claim for money damages before filing suit. *See* Pl.'s Resp. to Req. for Admissions [40-4] at 2; Mem. Supp. SBA Mot. [41] at 8. Because Plaintiff did not satisfy the presentment requirement of 28 U.S.C. § 2675(a), the Court lacks subject-matter jurisdiction over its negligence claim set forth in Count IV of the Amended Complaint [13]. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989). Plaintiff's negligence claim is therefore subject to dismissal under Rule 12(b)(1). *See Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (affirming dismissal of claim for failure to satisfy the FTCA's presentment requirement before filing suit).

2. <u>Plaintiff's remaining claims will be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.</u>

   a. <u>The Court lacks jurisdiction to consider Plaintiff's equitable subrogation and declaratory judgment claims.</u>

Plaintiff contends that under the doctrine of equitable subrogation, the U.S. Bank Deed of Trust should be granted first priority by virtue of EquiFirst's loan proceeds having been used to pay off the Regions Mortgage's earlier first position lien on the Subject Property.[3] Equitable subrogation is a state-law "doctrine whereby a court may circumvent the race-notice principles and substitute a later-filed lien into the primary lien holder position on a tract of real estate, such that the substitute creditor 'succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.'" C*mty. Trust Bank of Miss. v. First Nat'l Bank of Clarksdale*, 150 So. 3d 683, 687 (Miss. 2014) (quoting *First Nat'l Bank of Jackson v. Huff*, 441 So. 2d 1317, 1319 (Miss. 1983)).

Defendant argues that Plaintiff has not identified any waiver of sovereign immunity that would permit Plaintiff to bring these claims. Mem. Supp. SBA Mot.

---

[3] Count II of the Amended Complaint [13] "seeks a declaratory judgment that by virtue of the doctrine of equitable subrogation the [U.S. Bank] Deed of Trust held by the Plaintiff should be in a first lien position." Am. Compl. [13] at 7. Plaintiff further "seeks a declaratory judgment that the foreclosure of the SBA Deed of Trust was a foreclosure of a subordinate deed of trust subject to the lien of the [U.S. Bank] Deed of Trust" and "that it is entitled to the sale proceeds received by SBA upon the foreclosure of the SBA Deed of Trust." *Id.* at 7-8. The Court views Plaintiff's declaratory judgment claim as an extension of its claim for equitable subrogation in Count III of the Amended Complaint [13] and will address jurisdiction over both claims together. *See In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) (noting that "the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction"); *U.S. Bank Nat'l Ass'n v. State Bank & Trust Co.*, 45 F. Supp. 3d 582, 591 n.4 (S.D. Miss. 2014) (treating a claim for declaratory judgment as a disguised equitable subrogation claim).

[41] at 13. Defendant suggests that a waiver for equitable subrogation claims might be found under certain circumstances in 28 U.S.C. § 2410, which provides that the United States is subject to suit where "the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). However, Defendant contends that § 2410 is inapplicable here because the SBA no longer had a mortgage on the Subject Property at the time Plaintiff initiated the present suit. *See* Mem. Supp. SBA Mot. [41] at 13-14; Def.'s Reply [49] at 9-10.

The Fifth Circuit has explained that "§ 2410 was specifically passed to waive the sovereign immunity of the United States so that private parties could get the government into court when necessary to quiet title or resolve priority of liens or mortgages." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002). This waiver of immunity in § 2410 "must be narrowly construed to comport precisely with congressional intent." *Id.*

> In conformity with this strict construction, [the Fifth Circuit has] found at least three instances in which waiver of sovereign immunity does not exist under § 2410(a). There is no waiver (1) when a taxpayer seeks to challenge the validity of any underlying tax assessment, (2) when the government is claiming a title interest in property rather than a lien interest, or (3) when the government no longer has a mortgage on, or other security right in, the property in dispute.

*Id.* at 629-630 (citations omitted); *see also Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998) (holding that a plaintiff "may maintain a suit under § 2410(a) only if at the time she files suit the government had a mortgage or other lien on the property that is the basis of the [plaintiff's] action").

11

Plaintiff argues that the Court retains jurisdiction under § 2410 over its equitable subrogation claim because Defendant could not have properly foreclosed its lien, such that Defendant's lien remains in place subject to Plaintiff's rights as first priority lienholder. Pl.'s Resp. [45] at 8-9; Pl.'s Reply [48] at 7. Under Plaintiff's circular reasoning, jurisdiction exists to resolve Plaintiff's equitable subrogation claim only if the Court applies the principles of equitable subrogation to conclude that Defendant's interest in the Subject Property has not actually been extinguished.

The plaintiff in *Koehler* advanced a similar argument that, because the government failed to comply with statutory notice requirements before disposing of property at a tax lien sale, the deed issued to the purchasers was ineffective to convey title and the government still retained a lien on the property. *Koehler*, 153 F.3d at 267. The Fifth Circuit rejected this reasoning:

> Although facially appealing, this argument misses the effect of sovereign immunity. At its core, sovereign immunity deprives the courts of jurisdiction irrespective of the merits of the underlying claim. If the specific terms of the statute are not met, the federal courts have no jurisdiction to address the merits of the plaintiff's claim. Were we to accept [the plaintiff's] argument, we would first have to find for her on the merits and then reason backwards to find a waiver of sovereign immunity. Because sovereign immunity is jurisdictional and, therefore, deprives this court of the ability to hear the merits of the claim altogether, such reasoning is inherently flawed. In the end, because the plain and unambiguous terms of § 2410(a) have not been met—i.e., the government no longer claims an interest in the property—§ 2410(a) does not confer subject matter jurisdiction irrespective of how meritorious [the plaintiff's] claims may be.

*Id.; see also Echols v. United States,* 368 F. App'x 595, 598 (5th Cir. 2010) (holding that a foreclosure sale extinguished the government's lien on property such that

12

immunity was not waived under § 2410, regardless of whether there were procedural defects in the foreclosure sale).

Construing § 2410's waiver of immunity strictly, as it must, the Court agrees that Defendant's lien on the Subject Property was extinguished by the full satisfaction of the SBA loan from the proceeds of the foreclosure sale, and that § 2410 does not operate to create jurisdiction under these circumstances. Accordingly, Plaintiff's equitable subrogation claim for damages and its declaratory judgment claim should be dismissed for lack of subject-matter jurisdiction.

> b. <u>Plaintiff's unjust enrichment claim will be dismissed pursuant to Rule 12(b)(1).</u>

Under Mississippi law, unjust enrichment is an equitable cause of action that arises under a quasi-contract or implied in law contract theory. *See, e.g., Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 719 (Miss. 1998); *1704 21st Ave., Ltd. v. City of Gulfport*, 988 So. 2d 412, 416 (Miss. Ct. App. 2008). The FTCA's limited waiver of immunity for the negligent acts of federal employees does not apply to quasi-contractual actions for unjust enrichment. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that a claim is only actionable under the FTCA if it alleges the elements outlined in § 1346(b)). Furthermore, for the same reasons that 28 U.S.C. § 2410 does not supply a waiver of sovereign immunity for Plaintiff's equitable subrogation claim, the statute likewise does not provide the necessary waiver for Plaintiff to proceed with its unjust enrichment claim.

Although the Tucker Act, 28 U.S.C. § 1346(a)(2), waives sovereign immunity for implied contract claims, the Court of Federal Claims has exclusive jurisdiction

over Tucker Act claims exceeding $10,000.00. 28 U.S.C. § 1346(a)(2); *see also Persyn v. United States,* 935 F.2d 69, 72 (5th Cir. 1991). The Court finds that it also lacks jurisdiction under § 1346(a)(2) because Plaintiff seeks to recover more than $10,000.00 in damages on its unjust enrichment claim. *See* Am. Compl. [13] at 7; *Strong v. Dep't of Army*, 414 F. Supp. 2d 625, 630 (S.D. Miss. 2005) (finding no jurisdiction over breach of contract and due process claims when the damages likely exceeded $10,000.00).

Finally, the Court notes that Plaintiff's Response [45] filed in opposition to Defendant's Motion [40] addresses subject-matter jurisdiction only with respect to its equitable subrogation claim. *See* Pl.'s Resp. [45] at 8-9. Plaintiff has not presented any argument as to why its remaining claims are not subject to dismissal on jurisdictional grounds. *See id.*; Def.'s Reply [49] at 1-2. Accordingly, the Court finds that Plaintiff's unjust enrichment claim should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

   c. <u>Plaintiff's equitable estoppel claim will be dismissed for lack of jurisdiction under Rule 12(b)(1).</u>

As discussed in the preceding sections, neither the FTCA nor 28 U.S.C. § 2410 provides Plaintiff with a waiver of sovereign immunity sufficient to proceed with its claims against Defendant. The Court finds that Plaintiff's equitable estoppel claim in Count V of the Amended Complaint [13] should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.[4]

---

[4] Because sovereign immunity bars this suit, the Court does not reach the issue of whether Plaintiff can maintain an action for equitable estoppel against the United States. However, the Court notes that "equitable estoppel is rarely valid against the government." *Linkous v.*

14

III. CONCLUSION

The Court finds that Plaintiff's claims are barred by sovereign immunity and should be dismissed for lack of subject-matter jurisdiction. Because the dismissal of claims for lack of subject-matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1), dismissal is without prejudice. *See, e.g., Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996); *Cross v. United States*, No. 5:06-cv-36-DCB-MTP, 2007 WL 763926, at *2 (S.D. Miss. Feb. 12, 2007); *Ezell v. Dep't of the Army*, No. 5:16-cv-938, 2017 WL 2671091, at *4 (W.D. Tex. Jun. 20, 2017); *Colonial Cty. Mut. Ins. Co. v. United States*, No. 15-cv-917-XR, 2015 WL 7454698, at *3 (W.D. Tex. Nov. 23, 2015).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [40] to Dismiss or, in the Alternative, for Summary Judgment filed by Defendant United States Small Business Administration is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [38] for Summary Judgment filed by Plaintiff U.S. Bank National Association, as Trustee

---

*United States,* 142 F.3d 271, 277 (5th Cir. 1998); *see also Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) (finding that the Supreme Court has "reversed every finding of estoppel [it] ha[s] reviewed"). Even if jurisdiction were present, it does not appear in this case that Plaintiff has established the following necessary elements of equitable estoppel against Defendant: (1) affirmative misconduct by the government; (2) that the government was aware of the relevant facts; (3) that the government intended its act or omission to be acted upon; (4) that the party asserting estoppel had no knowledge of the facts; and (5) that they reasonably relied on the government's conduct and as a result of its reliance, suffered substantial injury. *United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997); *Linkous*, 142 F.3d at 277-78.

for Structured Asset Securities Corporation, Mortgage Pass-through Certificates 2006-EQ1, is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 15th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE